IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. WELCH, | 2:06-cv-01567-ATG (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | (DOCUMENT #) |
| ROSANNA CAMPBELL, Warden, Mule Creek State Prison, JEANNE WOODFORD, Director of Department of Corrections & Rehabilitation; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Respondents. | |
| _____/ | |

Eugene Everett Welch is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of the State of California, in the County of San Bernardino, serving a sentence of fifteen years to life, plus a four year enhancement, for a total of nineteen years to life. In 1994, a jury convicted Welch of second degree murder in violation of Penal Code section 187. His pro se petition for a writ of habeas corpus does not challenge the constitutionality of his conviction, but rather challenges, on due process grounds, the decision of the Board of Parole Hearings on April 13, 2005, finding him unsuitable for parole at his initial parole consideration hearing. He asserts that the Board denied him his rights to due process under the Fourteenth Amendment of the United States Constitution by giving undue consideration to his prior criminal record.

The state's answer to Welch's petition concedes that he has exhausted his administrative and judicial remedies and denies that the Board's finding of unsuitability for parole was founded upon illegal or unconstitutional consideration of his prior criminal record. This court has jurisdiction of the pending petition under 28 U.S.C. § 2254. The petition is denied.

The seven-page rap sheet which accompanied Welch's petition to this court as an exhibit was before the Board during his suitability hearing. He was asked to explain why he had so many property-crime entries on his criminal history transcript, and he answered that those were false, but offered no proof. The record before this court indicates that from 1974, when Welch opened his police record with a juvenile offense, until 1994, when the final entry was the sentence for second degree murder, Welch was seldom free from the attention of law enforcement or custodial authorities. The record does contain a number of ambiguous entries that do not establish convictions, it also contains an impressive number of entries that do establish, by guilty plea or otherwise, conviction for property crimes. His only answer to the inquiry concerning these entries was, as noted, simply that "most of them were dismissed" or "were false."

No evidentiary hearing is necessary because no relevant fact is in dispute. No further review of the record is necessary because Welch has pointed to nothing in this record to suggest that the Board denied him a fair hearing and an opportunity to show that any entry on his record was false or incorrect. The Board also explained to him its reasons for determining that he was not, at that time, a suitable candidate for parole. These reasons included, *inter alia,* his numerous failures on probation and parole during the past twenty years. The board also found that the petitioner's psychological profile needed to be updated. The petitioner's history while not in custody presents a text-book description of a psychopathic antisocial personality disorder. The requirements of due process at a parole hearing, as established by the Supreme Court of the United States in *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16, (1979), were met.

Because the petitioner is without counsel, this court will take notice of that part of his petition which attempts to claim that his 1994 sentence was illegal. That claim is untimely

because a challenge to the legality of a sentence must be made within one year of the date the state court judgment became final.  See 28 U.S.C. § 2244 (d)(1).

The Petition is DENIED.


Dated:  December 12, 2008                             /s/  Alfred T. Goodwin
                                                                    _____
                                                                    Alfred T. Goodwin,
                                                                    United States Circuit Judge,
                                                                    Sitting by assignment